UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SNAP INC.<br><br>Plaintiff,<br><br>v.<br><br>ANDREW HIRSHFELD,[1] in his official capacity Performing the Functions and Duties of the Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office,<br><br>And the UNITED STATES PATENT AND TRADEMARK OFFICE<br><br>Defendants. | Case No. CV 22-00085-SVW-GJSx<br><br>[PROPOSED] **ORDER GRANTING STIPULATION TO STAY CASE**<br><br>Honorable Stephen V. Wilson<br>United States District Judge |

---

[1] The defendant is misidentified in the caption of the complaint. The defendant's correct name and official title have been substituted in the caption of this filing.

1

Considering the Stipulation to Stay Case (the "Stipulation") entered into between Snap, Inc. ("Plaintiff") and Andrew Hirshfeld, in his official capacity performing the functions and duties of the Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office and the United States Patent and Trademark Office (hereinafter collectively referred to as the "Defendants") and good cause appearing,

IT IS ORDERED that:

1. The Stipulation is approved.
2. Plaintiff will disclose to Defendants anticipated expert reports on or before May 9, 2022.
3. Defendants will review and consider expert evidence disclosed by Plaintiff, and will inform Plaintiff by June 10, 2022, whether they anticipate the case can be resolved without need for further litigation.
4. In the event the case is not resolved in principle by June 10, 2022, Defendants agree to disclose anticipated expert reports to Plaintiff on or before July 22, 2022.
5. This case is stayed through August 30, 2022.
6. Defendants' deadline to file their initial response to the Complaint shall be continued until after the stay is lifted.
7. The parties will file a joint status report on or before August 12, 2022, which will include a statement indicating whether the parties believe a resolution is likely and a proposed deadline for Defendants' initial response to the Complaint.

/ / /

/ / /

/ / /

2

8. The disclosures received under the parties' agreement outlined in the Stipulation shall be for settlement purposes only and shall not be admissible as evidence. However, the disclosing party may later disclose such evidence as well as introduce additional evidence, including additional expert testimony, and/or conduct expert depositions, should the proceedings resume.

Dated:_____     _____
                                          HONORABLE STEPHEN V. WILSON
                                          UNITED STATES DISTRICT JUDGE